UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTEGRATED HEALTH RESOURCES, LLC, | : | Civil Action No. 07-4813 (FLW) |
| Plaintiffs, | : | |
| v. | : | |
| ROSSI PSYCHOLOGICAL GROUP, P.A., | : | |
| Defendant. | : | |
| ROSSI PSYCHOLOGICAL GROUP, P.A., | : | Civil Action No. 07-5557(FLW) |
| Plaintiff, | : | |
| v. | : | OPINION |
| INTEGRATED HEALTH RESOURCES, LLC, | : | |
| Defendant. | : | |

**WOLFSON, District Judge:**

In these breach-of-contract cases, Rossi Psychological Group ("Rossi") seeks a dismissal of claims in Civil Action No. 07-4813, filed by Integrated Health Resourch, LLC ("IHR"), based upon a contractual forum selection clause. In Civil Action No. 07-5557, a related case, Rossi for the same reasons seeks a remand of the action originally brought against IHR in New Jersey Superior Court and removed to this Court by IHR. IHR essentially argues that this Court should exercise jurisdiction in these cases because the contractual clause at issue does not confer exclusive jurisdiction over these claims in the state court of New Jersey. For reasons detailed herein, the Court finds that the pertinent provision is indeed a forum selection clause that unambiguously provides that

the proper venue for these two cases should be in the state Superior Court of New Jersey sitting in Somerset County. Accordingly, Rossi's motion to dismiss filed in Civil Action No. 07-4813 is granted; likewise, Rossi's motion for remand filed in Civil Action No. 07-5557 is granted, and the case is remanded to the New Jersey Superior Court, Somerset County, for further proceedings.

## STATEMENT OF FACTS

As both suits involve the same parties and arise out of the same set of facts, the Court will recount the relevant facts pertaining to both cases. IHR is a Delaware corporation operating in Great Neck, NY, which provides administrative support services to business clients. In particular, IHR claims to have developed a model for the recruitment, training, and placement of nurse practitioners (the "System"). Included in the System, IHR asserts, are novel and valuable methods for obtaining reimbursement through Medicare/Medicaid for such services. According to IHR, these methods are confidential and proprietary in nature. Rossi is a group practice that provides psychological and behavioral health-care services to individuals, with a focus on nursing home patients. Rossi is a New Jersey corporation with its principal place of business in Somerset, New Jersey.

The parties entered into a License and Service Agreement (the "Agreement") on September 1, 2004, whereby they agreed that IHR would provide Rossi with certain services including procuring nurse practitioners. Additionally, the Agreement, which was drafted by IHR, granted Rossi a license to use IHR's System. See LiCausi Cert. at Exhibit B. Importantly, one provision of the original draft of the Agreement designated "the United States Federal district court residing in the Southern District of New York" as the "jurisdiction" for "all litigation." Id. Rossi represents that during negotiations, it objected to the choice of forum, and subsequently the language of the Agreement was altered to its present form to read "the courts of the State of New Jersey, sitting in

Somerset County" as the "jurisdiction" for bringing "all litigation."  See LiCasui Cert. at Exhibit A. In July or August of 2006 the parties also entered into an oral contract ("Billing Agreement") in which IHR agreed to perform all of Rossi's billing functions.  Both parties later alleged breaches of the Agreement and the Billing Agreement.  Specifically, Rossi contends that "IHR failed to provide for contracted-for-services and promised "System," and they otherwise breached the Agreement, as well as their contractual obligation to perform Rossi's billing function."  Rossi's State Court Complaint at ¶ 27.  In particular, Rossi allege that IHR breached its contractual promise by failing to provide a sufficient number of trained nurse practitioners, and committed "egregious errors" in processing Rossi's billings, resulting in losses totaling in the hundreds of thousands.  Rossi's Mot. Remand at 2-3.  On the other hand, IHR alleges that Rossi breached the Billing Agreement and the Agreement by failing to remit payment for the services provided.

As a result of their disagreements, on October 4, 2007, IHR filed suit in this Court alleging that Rossi breached the Billing Agreement.  IHR later amended its complaint to add additional causes of action based on breach of the Agreement ("Federal Action"). Thereafter, on October 24, 2007, Rossi filed a breach-of-contract action against IHR in state court because Rossi believed that the contractual provision at issue mandates that the exclusive forum to bring suit is in state superior court of New Jersey in Somerset County ("State Action").  However, on November 19, 2007, IHR removed the State Action to this Court and is seeking to consolidate both actions.

Presently before the Court are Rossi's motions to dismiss the Federal Action and to remand the State Action.  Primarily, Rossi argues that this Court should not exercise jurisdiction over these cases because of a forum selection clause in the Agreement which it claims designates the New Jersey Superior Court sitting in Somerset County as the exclusive venue for all litigation arising out

of the parties' contractual dealings.  Accordingly,. the nature and enforceability of this clause is at the center of this dispute.

**DISCUSSION**

      I.      <u>Legal Standard</u>

In reviewing a motion to dismiss on the pleadings, a Court must take all allegations in the Complaint as true, viewed in the light most favorable to the plaintiff. See <u>Gomez v. Toledo</u>, 446 U.S. 635, 636 n. 3 (1980); <u>Robb v. Philadelphia</u>, 733 F.2d 274, 277 (3d Cir.1984). If no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint, the Court may dismiss the Complaint for failure to state a claim. See <u>Hishon v. Spalding</u>, 467 U.S. 69, 73 (1984); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir.1986).  Recently, in <u>Bell Atlantic Corporation v. Twombly</u>, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Id</u>. at 1965. Thus, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The Third Circuit has held that dismissal under <u>Fed. R. Civ. P.</u> 12(b)(6) is proper where a forum selection clause designates another court as the exclusive venue for litigation. <u>Salovaara v. Jackson Nat. Life Ins. Co.</u>, 246 F.3d 289, 298-299 (3d Cir. 2001).  Similarly, remand is proper if a court declines to adjudicate a matter governed by a mandatory forum selection clause that vests authority in a different jurisdiction.  See <u>Foster v. Chesapeake Insurance Co.</u>, 933 F.2d 1207, 1213 (3d Cir. 1991); <u>International Business Software Solutions, Inc. v. Sail Labs Technology, AG</u>, 440 F.Supp. 2d. 357, 361 (D.N.J. 2006).

II.     Forum Selection Clause

Forum selection clauses are generally treated as ordinary contract provisions and are subject to ordinary rules of contract interpretation. John Wyeth & Bro. Ltd. v. Cigna Int'l Corp., 119 F.3d 1070, 1074 (3d Cir. 1997); Intermetals Corp. v. Hanover Int'l, 188 F.Supp.2d 454, 460 (3d Cir. 2001); Foster v. Chesapeake Ins. Comp. Ltd., 933 F.2d 1207, 1218 (1991). In any contract "a court's paramount consideration is the intent of the parties." Mellon Bank, N.A. v. Aetna Business Credit, Inc., 619 F.2d 1001, 1009 (3d Cir., 1980). Ideally, the clearest indication of the parties' intent is the language of the contract itself. Id. Thus, when the language of the contract is unambiguous, that is, when the contract is "reasonably capable of only one construction", Wyeth, 119 F.3d at 1074, the inquiry ends and the court must enforce the contract as written. However, when the language in a contract is capable of more than one reasonable construction as determined by "objective indicia . . . [viewed] from the linguistic reference point of the parties," the contract is ambiguous and the court should look beyond the four corners of the contract to extrinsic evidence, such as party negotiations, to discern and give meaning to the intent of the parties. Mellon, 619 F.2d at 1009; Sumitomo Machinery Corp. v. Allied Signal, Inc., 81 F.3d 328, 332 (3d Cir. 1996). However, the Court should "avoid ambiguities if the plain language of the contract permits . . . [and] should not torture the language . . . to create ambiguities." Wall Street Aubrey Golf v. Aubrey, 189 Fed. Appx. 82, 85 (3d Cir. 2006) citing First State Underwriters Agency of New England Reinsurance Corp. v. Travelers Ins. Co., 803 F.2d 1308, 1311 (3d Cir. 1986). The parties at all times remain bound by the "appropriate objective definition" of the words contained in the contract. Mellon, 619 F.2d at 1013. Thus, to resolve a dispute concerning an ambiguity in a contract, the parties must present objective evidence demonstrating that the ambiguity is genuine and reasonable. Mellon, 619 F.2d at 1011.

In the present case, the provision at issue reads in relevant part:

> 12.1    <u>Jurisdiction and Governing Law</u>.  The parties hereby consent to the jurisdiction of the courts of the State of New Jersey sitting in Somerset County for all litigation that may be brought with respect to the terms of and the transactions and relationships contemplated by this Agreement.

IHR first argues that the provision is not a forum selection clause.  Instead, IHR contends that because the language refers only to "jurisdiction," it is simply an agreement consenting to the personal jurisdiction of the New Jersey state court.  As such, IHR argues, the provision is a jurisdiction clause, and is not dispositive of the appropriate venue for litigation. Pl.'s Mot. Opp'n Dismiss, 8-12.  The Court finds this argument unpersuasive.

The Third Circuit in <u>Wall Street</u> in referring to a forum selection clause which provided that "venue…shall…be laid in Butler County Pennsylvania," defined venue: "[venue] refers to *locality*, the *place where* a lawsuit should be heard." 189 Fed. Appx, at 87 (citing <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 126) (emphasis in original).  Although the forum selection clause in <u>Wall Street</u> used the word "venue," that nomenclature is not dispositive of the issues here.  Similarly, in the present case, the use of the word "jurisdiction" in the contract is not dispositive as to whether the provision is a forum selection clause; instead, the Court will focus on the plain meaning of the language.  The contractual provision here specifically refers not just to the type of court (i.e., state court), but to a specific court and its location (i.e., state court in Somerset County) where all litigation should be brought.  Thus, although the provision refers to jurisdiction, it is clear from the plain meaning of the language that venue, the *place* where litigation is to occur, is the correct interpretation.  Moreover, case law elucidates the principle that language in a forum selection clause does not have to be exacting in order to be recognized as such.  Even contractual provisions which specify only that the parties agree to submit to a particular "jurisdiction," as is the case here, are

6

routinely recognized as unambiguously creating a forum selection clause. See Intermetals Corp. v. Hanover, 188 F.Supp.2d 454, 460 (D.N.J., 2001) ("court of jurisdiction" language in contract provision created a forum selection clause); Foster, 933 F.2d at 1218 (provision specifying that parties will "submit to the jurisdiction of any court…" created a forum selection clause); Wyeth & Brother, Ltd. v. Cigna Int'l Corp., 119 F.3d 1070, 1072 (3d Cir., 1997) (clause specifying English Courts have "exclusive jurisdiction" is a forum selection clause). Therefore, IHR's contention that the language in the provision did not create a forum selection clause is without merit.

IHR argues, in the alternative, that the even if the provision is a forum selection clause, it is merely permissive and does not provide that the New Jersey Superior Court, Somerset County, is the exclusive venue for bringing the parties' contractual claims. Again, this argument viewed through the lens of the Third Circuit decision in Wall Street is unpersuasive. The Wall Street court noted that the language "laid in Butler County, Pennsylvania" logically allowed for only one venue, and thus was exclusive. In its reasoning, the court pointed to the fact that no federal court existed in Butler County, only a state court. The clause was thus logically exclusive. Id. at n.2. Here, not only did the forum selection clause specify that the designated court is "sitting in Somerset County," the drafter, IHR, seems to have anticipated precisely this scenario and referred specifically to "courts of the State of New Jersey." This language is even clearer than that in Wall Street. Unless there is a federal district court sitting in Somerset County, the forum selection clause "does not allow for the possibility of any other venue" than the State Court of New Jersey sitting in Somerset County. Id. at 85.

Assuming *arguendo* that the provision is ambiguous, it is clear from the record that the parties' intent was to make the New Jersey Superior Court the exclusive forum for litigation.

7

Moving beyond the four corners of the Agreement, and the Court now focuses on the "objective indicia . . . [viewed] from the linguistic reference point of the parties." In that connection, the Court finds that Rossi's objection to the previous language, which was drafted by IHR's counsel, naming "the United States Federal district court residing in the Southern District of New York" as the forum for litigation, highly probative when combined with the subsequent editing of the language to its present form. The substitution of the state court in Somerset County for an explicit reference to a particular federal district court is not accidental nor an oversight. Clearly, from the previous provision, the parties knew how to identify a particular federal court and vicinage; neither "the state court of New Jersey" nor "Somerset County" embrace such a designation. This strongly suggests that as a result of negotiation, it was the intent of the parties to make the New Jersey Superior Court the exclusive forum for litigation. It seems unlikely that two sophisticated parties, each represented by counsel, would eliminate language specifically granting jurisdiction to a "United States Federal district court" if they intended to later retain the option of filing suit in a federal district court. In any event, the well-settled rule that contract ambiguities are to be construed against the drafter – here, IHR – dispels any lingering doubts as to how this particular provision should be construed. See Mastrobuono v. Shearson Lehman Hutton, 514 U.S. 52, 62 (1995) (drafters could not "over come the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it").

Finally, IHR argues that the claims arising from the oral Billing Agreement are properly before this Court because the Billing Agreement is separate and distinct from the original Agreement and thus is not covered by the forum selection clause. The Court disagrees. It is clear that the Billing Agreement is not a separate and distinct oral contract for adjudicating the parties' disputes,

as IHR claims. The oral agreement for IHR to handle all of Rossi's billing functions arose out of the business relationship created by the original Agreement. It is unreasonable for this Court to find that the same two parties who drafted a broad Agreement to capture "all litigation brought with respect to the terms and transactions and relationships contemplated" did not intend for it to apply to a later transaction arising out of the same relationship. Indeed, the Third Circuit's holding in <u>Crescent Int'l Inc. v. Avatar Communities, Inc.</u>, 857 F.2d 943 (3d Cir. 1988) is instructive. Plaintiff in <u>Crescent</u> sought to avoid a forum selection clause in a contract, which stated that "any litigation upon any of [the contract's] terms . . . shall be maintained" in a Florida court, by also bringing non-contractual claims against the other party to the agreement. <u>Id.</u> The court expressly rejected this tactic, opining that "pleading alternative non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." <u>Id.</u> The court concluded that adopting the narrow interpretation suggested by the plaintiff would run "counter to the law favoring forum selection clauses." Unlike the plaintiff in <u>Crescent</u>, IHR did not go so far as to plead non-contractual theories against Rossi. IHR's claims are purely contractual and arise directly from the business relationship engendered by the Agreement. IHR's claims against Rossi certainly implicate the Agreement's terms. Moreover, IHR's actions belie its protests. By amending its cause of action for breach of the Billing Agreement to also include claims arising out of the License Agreement, IHR essentially concedes its own belief that the claims are sufficiently related so as to be tried as one. Its contention here that the Billing Agreement arises from a separate and distinct set of circumstances than those giving rise to the original Agreement is patently inconsistent.

  Having concluded that the disputed contractual provision is a forum selection clause whereby

the parties unambiguously consented to venue in the New Jersey Superior Court, Somerset County, the Court shall grant Rossi's motion to remand the State Action to the New Jersey Superior Court sitting in Somerset County for further proceedings, consistent with the parties' contractual agreement. In addition, for the same reasons, the Court will dismiss, without prejudice, IHR's claims filed in Federal Action.[1] The Court also notes that the IHR may assert its claims dismissed here as counterclaims in the State Action.

Dated: January 31, 2008

    /s/  Freda L. Wolfson
The Honorable Freda L. Wolfson,
United States District Judge

---

[1] IHR, in Civil Action No. 07-4813, also moved for injunctive relief. As this Court has found that it will not exercise jurisdiction over the parties' claims, IHR's motion should be directed to the state court of New Jersey.